## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | |
|---|---|
| GAGE RICKS, on Behalf of Himself and on Behalf of All Others Similarly Situated, § § § § Plaintiff, § § v. § § BTA OIL PRODUCERS, LLC, § § Defendant. § § § § § | CIVIL ACTION NO. : 7:21-cv-206 JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

1. Defendant BTA Oil Producers, LLC ("Defendant") required Gage Ricks ("Plaintiff") to work more than forty hours in a workweek without the proper overtime compensation. Defendant also failed to pay Plaintiff for all the hours he worked.

2. Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

### SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

5. Defendant is headquartered in Midland, Texas.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Gage Ricks is an individual residing in Oklahoma County, Oklahoma. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

7. The FLSA Class Members are all current and former pumpers, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint that were paid on an hourly basis.

8. Defendant BTA Oil Producers, LLC is a domestic limited liability company. Defendant may be served process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## COVERAGE

9. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

14. Defendant BTA Oil Producers, LLC is a privately held oil production company that operates oil and gas wells throughout West Texas.

15. Plaintiff worked for Defendant as pumper from approximately May of 2019 to September of 2021.

16. A pumper, also known as a lease operator, is a technician that travels from well to well to monitor production and troubleshoot issues that arise at a well site.

17. Defendant classified Plaintiff as an employee and paid him an hourly wage.

18. Defendant paid Plaintiff overtime but not the full amount of overtime to which he is entitled under the FLSA.

19. Defendant organizes the schedules for its pumpers on eight-day hitches that fall across two pay weeks.  Instead of paying overtime for hours worked during an individual pay week, Defendant calculates overtime on any hours worked over 80 during the eight-day hitch.

20. By calculating overtime on a per pay period basis instead of a per week basis, Defendant underpaid the amount of overtime due to Plaintiff and its other pumpers.

21. Defendant pays all of its pumpers on the same pay system that awards overtime for hours worked in excess of 80 in a pay period instead of 40 in a week.

22. Defendant also failed to pay Plaintiff and its other pumpers for a considerable number of compensable hours.

23. During his hitches, Defendant required Plaintiff live at a man camp it owned in West Texas. When he was not making his rounds during the day, Defendant required Plaintiff stay at the man camp to respond to alarms and alerts that the well equipment sent to his phone through an application known as "TankLogix."

24. During a typical night, Plaintiff would commonly receive more than 40 alerts from TankLogix that he was required to acknowledge and act upon. Defendant did not pay him for his nighttime labor. He was expected to perform this work for free.

25. Under the FLSA, sleep time that is interrupted by work is supposed to be treated as time worked. *See* 29 C.F.R. § 785.22.

26. While at the man camp during a hitch, the nature of the work effectively prevented Plaintiff from having any free time. Defendant required that he be constantly available to respond to alerts from TankLogix. Plaintiff could not even leave the man camp without permission or without securing the services of another pumper to cover his alerts.

27. Defendant did not employ a separate night time lease operators. During his hitches, Plaintiff was expected to perform both day and night operations despite only being paid for work performed during the day.

28. Plaintiff is a non-exempt employee.

29. Defendant paid dozens of other pumpers classified as employees throughout the United States on the same hourly rate compensation system as Plaintiff.

30. Plaintiff and other pumpers commonly work in excess of 12 hours each day.

31. No exemption in the FLSA shelters Defendant from paying overtime to its pumpers.

32. Pumpers like Plaintiff are not guaranteed a set number of days to work per week.

33. Pumpers like Plaintiff are not guaranteed a set weekly payment.

34. Plaintiff was paid on an hourly rate basis, not on a salary basis.

35. Plaintiff worked overtime as defined in the FLSA.

36. Because pumpers are paid on an hourly basis, the executive, administrative, or professional exemptions cannot apply.  *See* 29 C.F.R. §§ 541.100, 541.200, 541.300.

37. Pumpers do not supervise other employees or manage a customarily recognized department of Defendant's company.

38. Pumpers have no authority to hire or fire other employees.

39. Pumpers are field employees, not office employees.  They perform work related to Defendant's core business, not the management of the company's operations.

40. Pumpers also perform extensive physical labor to perform their inspection work.

41. The primary duty of pumper does not require independent judgment or discretion. Instead, pumpers are required to carry out their work according to detailed step-by-step procedures promulgated by Defendant or Defendant's clients.

42. As a result of Defendant's pay policies, Plaintiff and other pumpers were denied overtime pay and denied compensation for all the hours they actually worked.

43. Defendant knew or showed reckless disregard for whether Plaintiff and the other pumpers were entitled to overtime pay under the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

44. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

45. Defendant's practice of failing to pay Plaintiff for all hours and time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

46.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## **COLLECTIVE ACTION ALLEGATIONS**

47.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

48.     Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's compensation policies.

49.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other pumpers under the same compensation structure at multiple job sites for Defendant.

50.     Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

51.     Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

52.     Defendant pays all of its pumpers employed three years prior to the filing of this complaint to present on an hourly rate basis and requires the same type of off the clock work as required of Plaintiff.

53.     Plaintiff had the same or similar job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

54. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

55. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

56. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Class Member.

57. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

58. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

59. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

60. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

61. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former pumpers and lease operators, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint to present that were paid on an hourly basis.

## JURY DEMAND

62. Plaintiff and Class Members hereby demand trial by jury on all issues.

# **PRAYER**

63. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all pumpers and lease operators and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees and costs;

   d. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS